IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL SPRENG, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| vs. | : | NO. 13-2904 |
| | : | |
| SUPT. BRIAN THOMPSON, et al., | : | |
|     Respondents | : | |

# M E M O R A N D U M

**STENGEL, J.**　　　　　　　　　　　　　　　　　　　　　　　February 8, 2017

Petitioner Paul Spreng brings this counseled petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, alleging that the Pennsylvania appellate courts denied him procedural and substantive due process and access to those courts. Upon referral, the Honorable Marilyn Heffley, United States Magistrate Judge, issued a Report and Recommendation, recommending that the petition be denied. Mr. Spreng filed Objections to the Report and Recommendation. For the following reasons, I will overrule the Objections, approve and adopt the Report and Recommendation, and deny the petition with prejudice.

# I. BACKGROUND[1]

In its decision affirming the conviction and judgment of sentence, the Superior Court of Pennsylvania provided the following facts as summarized by the trial court:

> On April 13, 2004, at approximately 7:50 p.m., Officer Sarris and his partner, Officer Elliot, observed [Mr. Spreng] exit his residence and drive off in a Ford Escape

---

[1] The facts and procedural history are taken from the relevant decisions of the Court of Common Pleas of Philadelphia County and the Superior Court of Pennsylvania.

vehicle. Wearing plain-clothes and driving an unmarked vehicle, the officers followed [Mr. Spreng] to a warehouse located at 2847 North C Street, in the City and County of Philadelphia. The warehouse "had a large steel roll-up gate" and a "walk-through door" located "just to the north of . . . gate." Attached to the south wall of the warehouse – at 2945 North C Street – was a house.

When Kane pulled in front of the warehouse, its outer gate "opened up by itself" and he parked inside next to a White Plymouth Voyager. After the outer gate closed again, Officers Sarris and Elliot joined fellow officers in "setting up a perimeter" around the premises.

At approximately 9:00 p.m., the White Plymouth Voyager "backed out" of the warehouse and left in a southbound direction. Officers Sarris and Elliot followed, and pulled alongside the Voyager to obtain a closer look at the driver, who later was identified as [Mr. Spreng]. While Officers Sarris and Elliot subsequently returned to the warehouse, other officers followed [Mr. Spreng] to a residence located at 419 South 43rd Street, in the City and County of Philadelphia, Pennsylvania.

On May 4, 2004, several members of Officer Sarris' unit again conducted surveillance at 2847 North C Street. This time, they observed [Mr. Spreng] exit the warehouse in his Plymouth Voyager and followed him to a store named "Garden Indoors," which is located in Bucks County, Pennsylvania. One plain-clothes officer followed [Mr. Spreng} inside the store while others, including Officer Sarris, watched from their vehicles. Another officer videotaped [Mr. Spreng] and recorded him and store employees loading several large white boxes into the back of his Voyager, after which he returned to the warehouse on 2847 North C Street.

Early the next morning, while it was still dark, Officer Sarris collected some "trash" that "was left at the curbside in front of [413 South 43rd Street]." Having previously learned from the Bureau of Motor Vehicles that [Mr. Spreng] owned this property, the officer

2

>retrieved the following items from his curbside trash: (1) a letter from Plummer Realtors addressed to [Mr. Spreng] at 413 South 431 Street; (2) a letter from Plummer Realtors addressed to [Mr. Spreng] at 419 South 43rd Street; and (3) a letter addressed to Defendant Ruh at 413 South 43rd Street.

See Commonwealth v. Spreng, 2990 EDA 2009, *2-3 (Pa. Super. September 13, 2011).

The Superior Court further noted that the investigation prompted the issuance of five search warrants for five properties which were executed on May 11, 2004. Id. at *4. From each of these properties, the police confiscated sizeable amounts of marijuana, various forms of drug paraphernalia, and other drug-related materials. Significantly, the police also found sophisticated growing equipment and substantial stockpiles of live marijuana plants. Id. Mr. Spreng and his two co-defendants were subsequently arrested and charged with numerous drug-related offenses. After unsuccessfully moving to suppress the physical evidence,[2] all three defendants proceeded to a joint trial which began on May 19, 2009.

The trial court provided the following procedural background upon appeal in accordance with the requirements of Pennsylvania Rule of Appellate Procedure 1925:

>On June 2, 2009, a jury found [Mr. Spreng] guilty on charges of possessing/manufacturing marijuana with the intent to manufacture and/or deliver, Criminal Conspiracy, and possessing drug paraphernalia. On August 21, 2009, this Court sentenced him to five to ten years' incarceration for possessing/manufacturing marijuana with the intent to deliver, and two and one-half

---

[2] I note that the trial court granted a motion to suppress some of the evidence based upon a violation of the "knock and announce" rule. The Commonwealth appealed, and the Superior Court reversed and remanded the case for trial. See Commonwealth v. Kane, 940 A.2d 483 (Pa. Super. 2007).

> to five years' incarceration on the charge of Criminal Conspiracy. These sentences are to run concurrently, and no further sentence was imposed on the charge of possessing drug paraphernalia.
>
> [Mr. Spreng] filed post-sentence motions, which this Court denied on September 16, 2009. [Mr. Spreng] then filed a timely Notice of Appeal on October 9, 2009, following which this Court ordered him to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.C.P. 1925(b). Counsel for [Mr. Spreng] timely complied.

Commonwealth v. Spreng, Trial Court Opinion, November 5, 2010 at 3-5 (footnotes omitted).

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for *habeas corpus* may be granted only if (1) the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d)(1)-(2).  Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

Where a petition for writ of *habeas corpus* has been referred to a magistrate judge for a report and recommendation, the district court "shall make a *de novo* determination

of those portions of the report or specified proposed findings or recommendations to which objection is made . . . . [T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1).

## III.  DISCUSSION

Mr. Spreng objects to Judge Heffley's determination that he is attempting to re-litigate the suppression issues in a federal *habeas* setting.  He insists that his petition was not brought under the Fourth Amendment.  He argues, instead, that the Pennsylvania appellate courts denied him procedural and substantive due process and access to the courts.  I must disagree.

A careful review of the petition and Mr. Spreng's Objections indicates that Mr. Spreng is dissatisfied with the Superior Court's decision on appeal.  He argues that "the Superior Court panel erred in not utilizing the proper standard of review denying substantive and procedural due process and meaningful access to courts."  See Objections at 9.  Although characterized as rooted in due process, Mr. Spreng's claim is in essence asking me to review the correctness of the Superior Court of Pennsylvania's analysis of his suppression claim.  He has argued extensively throughout these *habeas* proceedings that the affidavit of probable cause did not satisfy the standard for probable cause, making his due process claim indistinguishable from the underlying challenge of the search warrants issued in his criminal case.

Pursuant to Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976), a federal *habeas* court cannot review a Fourth Amendment claim if the petitioner

5

had a full and fair opportunity to litigate the claim in the state courts.  Id.; see also Wright v. West, 505 U.S. 277, 293, 112 S. Ct. 2482, 120 L. Ed. 2d 225 (1992).  A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism.  See U.S. ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978); Boyd v. Mintz, 631 F.2d 247, 250 (3d Cir. 1980).  Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore, avoids the Stone bar, if the state system contains a structural defect that prevented the state court from fully and fairly hearing that Fourth Amendment argument.  See Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir. 2002).  Significantly, erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [Stone] bar." Id.

     Mr. Spreng cannot show that the state courts failed to provide a corrective mechanism, or that they precluded him from using it.  Indeed, the court held a two-day hearing on the motion to suppress where it heard testimony on the issues raised, and even excised portions of the affidavit of probable cause.  Then, the Superior Court reviewed the sufficiency of the affidavit of probable cause on direct appeal and concluded that the issuance of the search warrants was justified.  Mr. Spreng raised this issue again in his petition for a rehearing *en banc*, and even presented the claim to the Supreme Court of Pennsylvania in a petition for allowance of appeal.  He was afforded ample opportunity to litigate this Fourth Amendment claim in state court.  There was no structural error in the state system or an unconscionable breakdown in that system.  Boyd v. Mintz, 631

F.2d 247, 250 (3d Cir. 1980).  Whether the Superior Court adhered to its own precedents is not a question for this court to decide, but for the Supreme Court of Pennsylvania, which denied Mr. Spreng's petition for allowance of appeal of the Superior Court's decision.  See Commonwealth v. Spreng, 47 A.3d 847 (Pa. 2012).  Accordingly, I will overrule Mr. Spreng's Objections, approve and adopt Judge Heffley's well-reasoned Report and Recommendation, and deny Mr. Spreng's petition for writ of *habeas corpus* with prejudice.

Finally, Judge Heffley recommended that I decline to issue a certificate of appealability.  Under the Antiterrorism and Effective Death Penalty Act, a certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  The showing required to satisfy § 2253(c) is straightforward:  the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  No reasonable jurist would make such a finding in this case.  Accordingly, I will decline to issue a certificate of appealability.

An appropriate Order follows.